### KELLY v. ROSE

(118 S. E. 919)

1. APPEAL AND ERROR—INSTRUCTIONS NOT OBJECTED TO AT TRIAL CANNOT BE CONSIDERED ON APPEAL.—An objection that an instruction did not correctly state the law cannot be considered on appeal where the objecting party did not request a fuller statement of the law, but, after being asked by the trial court if any general proposition of law had been left out, answered, "I think you have covered it fully."

2. APPEAL AND ERROR—OBJECTION THAT THERE WAS NO EVIDENCE OF PUNITIVE DAMAGES CANNOT BE CONSIDERED ON APPEAL IN ABSENCE OF MOTION PRESENTING QUESTION.—An objection that there was no evidence to form a basis for punitive damages cannot be considered on appeal where no motion for a nonsuit or a directed verdict was made.

Before WHALEY, J., County Court, Richland, November, 1921. Affirmed.

Action by Leonard Kelly by Guardian *ad litem* against W. P. Rose. Judgment for plaintiff and defendant appeals.

*Messrs. Melton & Belser,* for appellant, cite: *Duty of Master as to safe place to work*: Cooley Torts, 524, 89 S. C., 378; 101 S. C., 73; 35 S. C., 407; Labatt Master & Servant, Secs. 24, 25; 107 Mich., 191; 90 Tex., 264. *Error to charge on willfulness*: 8 R. C. L., 592, 659, 666. *Contributory negligence:* Cooley Torts, 559, 560; Labatt M. & S., Secs. 802–948; 94 S. C., 462; 85 S. C., 471; 82 S. C., 548; 61 S. C., 479; 27 S. C., 71; 20 A. & E. Enc. L., 105.

*Messrs. D. W. Galloway* and *Alfred Wallace, Jr.,* for respondent, cite: *Waiver of error unless Judge's attention is called to it*: 98 S. E., 194. *No request for direction of verdict or nonsuit as to punitive damages, and exception cannot be made on appeal*: Rule Civ. Ct., 77; 83 S. C., 271; 105 S. C., 42; 91 S. C., 439; 86 S. C., 539; 88 S. C., 87. *Punitive damages follow willfulness*: 62 S. C., 325; 65 S. C., 1; 69 S. C., 160.

July 25, 1922.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The appellant states his case as follows:

"The case was tried before his Honor Judge M. S. Whaley in the County Court of Richland County in November, 1921, and resulted in a verdict for plaintiff of $204 actual and $500 punitive damages. After the verdict the defendant moved for a new trial on the ground that there was no evidence of punitive damages, and that the verdict was contrary to the law and evidence, but the Judge refused the motion.

"The complaint alleged that the plaintiff had been injured while in the employ of the defendant by the defendant's failure to provide him a safe place. The answer set up a general denial, contributory negligence, negligence of fellow servant, and assumption of risk. The evidence clearly showed that, while some of the defendant's employees were knocking down some strips 2x4 inches by 12 feet long, the plaintiff, Kelly, a young man of 18 years, who was employed to remove the strips, came within reach of the falling strips, one of which fell and broke one of the bones in his hand. The defendant's witnesses all claimed that Kelly should have kept out of the way of the falling strips, and that he had been particularly warned to do so."

The exceptions impute error to the rulings and charge of the Court and will be discussed in the following order:

I. The first assignment of error is that his Honor charged the jury that more care was required as to an infant than to an adult. The charge is not susceptible of that construction. His Honor charged the care depended upon the circumstances surrounding the case. The assignment of error cannot be sustained.

II. The next assignment of error is that his Honor charged the jury that the master is required to furnish a reasonably safe place for the servant to work,

whereas he should have charged that the master is required to exercise ordinary care to provide a reasonably safe place for the servant to work. If the appellant desired a fuller statement of the law, he should have requested it. Besides, when his Honor asked if there was any general proposition of law which he had left out, the appellant said: "I think you have covered it fully." This assignment of error cannot be sustained.

III. Appellant groups exceptions IV, V, VIII, and X, and says:

"These exceptions are all grouped together for the reason that they all impute error in the ruling of the Court on the question of punitive damages. Now we respectfully submit there is no evidence whatever to form a basis for willfulness or punitive damages."

The question of no evidence must be raised by a motion for a nonsuit or a directed verdict, and no such motions were made.

IV. The last assignment of error is that his Honor refused to charge the appellant's request to charge numbered VII and IX. These requests appear only in the exceptions, and not elsewhere in the record, and cannot, under the rule, be considered.

The judgment appealed from is affirmed.